UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRI P. DODSON, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACT. NO. 1:19-cv-1004-TFM-B |
| BARCLAYS BANK DELAWARE, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is Plaintiff Terri P. Dodson's *Supplemental Joint Motion for Dismissal of Claims Against Defendant Equifax Information Services*. Doc. 44, filed March 31, 2020. The parties do not indicate pursuant to which Federal Rule of Civil Procedure they bring their joint motion, but it is styled as a motion and signed by counsel for Plaintiff and Defendant Equifax. *Id.* The Court construes the joint motion as a motion to dismiss Defendant Equifax Information Services, LLC ("Equifax"), pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms that the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and Plaintiff requests the Court dismiss only one (1) of the named defendants, and the notice is not signed by all of the served parties. Thus, the Court finds it proper to construe Plaintiff's notice of dismissal as a motion to dismiss Defendant Equifax pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Upon consideration of the motion (Doc. 44), it is **ORDERED** it is **GRANTED**, and all of Plaintiff's claims against Defendant Equifax are **DISMISSED with prejudice**, with each party to bear their own costs.

**DONE** and **ORDERED** this 31st day of March 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
